UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD LOREN ANDERSON, <br><br> Plaintiff, <br><br> vs. <br><br> BOB DOOLEY, Warden, South Dakota State Penitentiary; MARTY JACKLEY, Attorney General, State of South Dakota, <br><br> Defendants. | 4:17-CV-04069-KES <br><br><br> ORDER SCREENING COMPLAINT AND DIRECTING SERVICE |

## INTRODUCTION

Plaintiff, Donald Loren Anderson, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Anderson filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and paid his filing fee. Docket 1; Docket 3; Docket 5. The court has now screened his complaint under 28 U.S.C. § 1915A, and for the reasons stated below, the court dismisses Anderson's complaint in part and directs service in part.

## FACTUAL BACKGROUND

Anderson's complaint generally concerns his disability and the prison's failure to accommodate that disability. Docket 1. He alleges that he uses hearing aids, that he is in a wheelchair, and that he has medical issues with his hands that cause him pain. *Id.*

When Anderson arrived at the prison his hearing aids started malfunctioning. *Id.* at 2. When he asked prison officials for help, they told him to mail his hearing aids out of the prison because they did not want to be responsible for them. *Id.* He also asked prison officials for a release of information form in order to get evidence from the veteran's association, the suppliers of the hearing aids. *Id.* This request was denied. *Id.*

Anderson alleges that his cell is too small, given his disability and the fact that he shares the cell with another inmate who is also in a wheelchair. *Id.* at 2-3. The door is too narrow, and Anderson has injured himself by hitting it while going through in his wheelchair. *Id.* at 2. He also has medical issues with his hands that make it very painful to maneuver his wheelchair in the cramped cell. *Id.* at 2-3.

Anderson generally alleges that the prison is not built properly to accommodate his disability. *Id.* at 1. He also alleges that the state penitentiary is currently being remodeled but not in compliance with the ADA. *Id.* This includes the medical building, the housing units, and the law library. *Id.*

Anderson also alleges a number of ways in which those in wheelchairs are discriminated against in the prison. He alleges that inmates in wheelchairs are allowed only one hour of recreation time a week, if they are allowed any at all. *Id.* at 4. He alleges that they are not allowed to drop off their laundry. *Id.* He also complains generally that he is forced to pay for medical treatment, even though he is a disabled veteran. *Id.*

On May 19, 2017, Anderson filed this complaint, seeking injunctive relief as well as damages for his injuries. *Id.* at 3. He requests that the prison be ordered to fully comply with the ADA. *Id.* Anderson paid a portion of his filing fee on June 17, 2017, and the remainder on June 19. Docket 3; Docket 5.

**LEGAL STANDARD**

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C.

§ 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

Anderson raises a number of claims under the ADA. "The ADA consists of three titles addressing discrimination against the disabled in different contexts." *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998). "Title I prohibits employment discrimination, Title II prohibits discrimination in the services of public entities, and Title III prohibits discrimination by public accommodations involved in interstate commerce such as hotels, restaurants, and privately operated transportation services[.]" *Id.* (citing 42 U.S.C. §§ 12112, 12132, 12182, 12184).

Anderson does not indicate which title authorizes the cause of action for his claims. But he is not an employee of the state, and the prison is not a private entity. Therefore, the court construes Anderson's claims as proceeding under Title II of the ADA. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the [Title II] statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government'") (citing 42 U.S.C. § 12131(1)(B)).

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009). In order to sufficiently allege that defendants violated Title II of the ADA, Anderson must allege:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

## I. Prima Facie Case of ADA Claim

Anderson states a claim under the ADA that he was excluded and denied the benefits of numerous aspects of the prison because he is in a wheelchair. He alleges that his cell is too small for two inmates in wheelchairs, and he is housed in a cell with another inmate who is also in a wheelchair. Docket 1 at 3. He alleges this causes pain when he hits himself on the doors, etc. and he cannot get out of his cell safely and easily. *Id.* The court finds that Anderson states a prima facie claim under Title II of the ADA.

Anderson also claims that he is denied numerous benefits because he is in a wheelchair. He alleges that he is allowed only one hour a week of recreation time, and sometimes none at all. *Id.* at 4. He also alleges that inmates who are in wheelchairs are not allowed to fully use the laundry

services. *Id*. He claims this is because he is in a wheelchair. Therefore, Anderson states a claim under Title II of the ADA.

## II.   Official Capacity Claims

Anderson names Bob Dooley and Marty Jackley as defendants. The complaint does not include an "express statement" that Anderson sues defendants in their individual capacities, and the court must therefore consider his suit to be against defendants in their official capacity. *Kelly v. City of Omaha, Neb.*, No. 14-3446, 2016 WL 660117 (8th Cir. Feb. 18, 2016). Furthermore, "the public-entity limitation precludes ADA claims against state officials in their individual capacities[.]" *Randolph v. Rodgers*, 253 F.3d 342, 348 (8th Cir. 2001).

The court construes Anderson's claims as claims against defendants in their official capacity. "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). Therefore, Anderson's suit is essentially against the State of South Dakota.

## III.   Injunctive Relief

Anderson seeks injunctive relief under Title II of the ADA. He requests that defendants be ordered to comply with the ADA and stop discriminating against him because of his disability. He also asks that defendants accommodate his disability. Because Anderson raises two viable claims under the ADA and sues defendants in their official capacity, his claims for injunctive relief may proceed. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 635 (8th

Cir. 2014) (permitting claims for injunctive relief against a state official sued in official capacity under ADA).

IV. **Damages**

Anderson seeks monetary relief under Title II of the ADA, requesting that damages be rewarded for each of his claims. Although "the public-entity limitation precludes ADA claims against state officials in their individual capacities," *Randolph v. Rodgers*, 253 F.3d 342, 348 (8th Cir. 2001), Anderson sues defendants in their official capacities. These are essentially claims against the state itself. *See Zajrael*, 677 F.3d at 355.

"States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense. As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 35 (2012). The Supreme Court has found that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia,* 546 U.S. 151, 159 (2006); *see also Dinkins*, 743 F.3d at 635.

Applying *Georgia*, the question of whether defendants can be held liable for damages under Title II of the ADA, or whether they are immune from suit under the Eleventh Amendment, depends upon a three-part analysis in which court must determine:

7

(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Georgia*, 546 U.S. at 159.

Anderson alleges that he was denied an appropriate room and conditions of confinement in general for someone in a wheelchair. These allegations state a claim under the ADA, but they also may, and likely do, state a claim under the Eighth Amendment which is incorporated by the Fourteenth Amendment. *Id.* at 157 (citing *State of La. ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947)). The court cannot say that Anderson's claim will be successful, but at this point, he has made allegations to overcome the immunity question under *Georgia. See Klingler v. Director, Department of Revenue, State of Missouri*, 455 F.3d 888, 892 (8th Cir. 2006) (explaining that the court could analyze an immunity claim under *Georgia* without remanding to the district court because there was already "an extensive record created for summary judgment"). Because Anderson alleges claims under Title II of the ADA that are based on actual violations of the Fourteenth Amendment, he may seek damages against defendants.

Thus, it is ORDERED

1. Anderson's ADA claims survive screening under 28 U.S.C. § 1915A(b)(1).

2. The Clerk shall send blank summons forms to Anderson so he may cause the summons and complaint to be served upon defendants.

8

3. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Anderson. All costs of service shall be advanced by the United States.

4. Defendants will serve and file an answer or responsive pleading to the remaining claims on or before 21 days following the date of service.

5. Anderson will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

6. Anderson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated July 10, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE